IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TAMMY AHUMADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-5082-SSA-CV-SW-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Tammy Ahumda seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on September 11, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1963. She alleges an onset of disability beginning October 29, 2003, due to arthritis, back pain, anxiety and panic attacks and depression. On March 9, 2009, plaintiff filed an application for Supplemental Security Income (SSI). After the initial denial by the Social Security Administration, plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ). Following the hearing on September 10, 2010, the ALJ determined plaintiff was not disabled. Plaintiff filed an appeal, but the appeal was denied on July 28, 2011. Accordingly, the decision of the ALJ stands as the final decision of the Commissioner.

Upon review, this Court finds there is substantial evidence in the record to support the decision of the ALJ. The medical records do not support plaintiff's allegations of total disability. Plaintiff's assertion that the ALJ failed to give proper weight to the opinion of Dr. Corsolini, which stated plaintiff could not frequently lift ten pounds, is without merit. Dr. Corsolini was not a treating physician, and moreover, Dr. Corsolini's own records, and the record as a whole, do not support such a stringent limitation on lifting. See Samons v. Astrue, 497 F.3d 813, 819

(8th Cir. 2007) (an ALJ is entitled to discount the opinion of even a treating physician when that opinion is conclusory or inconsistent with the evidence of record); Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (stating that an ALJ appropriately discounts treating a physician's opinion when it is inconsistent with the physician's clinical treatment notes). Plaintiff's assertion that the ALJ improperly discounted her credibility and subjective complaints is also without merit. The ALJ properly considered plaintiff's subjective complaints, and determined them not credible based on his analysis of the record as a whole. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir.2010) (subjective complaints may be discounted based on inconsistencies in the record as a whole). The ALJ's credibility determination was based on valid reasons. Credibility questions concerning plaintiff's subjective complaints are primarily for the ALJ to decide, and not the reviewing court. Baldwin v. Barnhart, 349 F.3d 549, 557 (8th Cir. 2003).

It is, therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 17th day of September, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge